# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| HOA LY | Case Number: 05CR80869-8 |
| | USM Number: 40270-039 |
| | Henry M. Scharg |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ Pleaded guilty to count(s) **1ss**.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 8 USC 1324 and 18 USC 371 | Alien Smuggling Conspiracy | 12/3/05 | 1ss |

   The defendant is sentenced as provided in pages **2 through 5** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

■ Count(s)  **1, 1s, 6, 8s, 9s, 8ss-9ss**  are  dismissed on the motion of the United States after a plea of not guilty.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 7, 2006
Date of Imposition of Judgment



s/Paul D Borman
United States Judge

12/11/06
Date Signed

DEFENDANT:  HOA LY
CASE NUMBER:  05CR80869-8

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **7 months**

The defendant shall surrender for service of sentence at the instituion designated by the Bureau of Prison: **as notified by the Probation or Pretrial Services Office.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

DEFENDANT:  HOA LY
CASE NUMBER:  05CR80869-8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **24 months**

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

   The defendant shall not commit another federal, state or local crime.

   If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

   The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)**  the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)**  the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)**  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)**  the defendant shall support his or her dependents and meet other family responsibilities;

**5)**  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)**  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)**  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)**  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)**  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)**  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)**  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)**  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)**  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)**  the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  HOA LY
CASE NUMBER:  05CR80869-8

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 0.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  HOA LY
CASE NUMBER:  05CR80869-8

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Defendant Hoa Ly agrees that her interest in the One Honda Odyssey VIN: 5FNRL18642B041197 shall be forfeited to the United States pursuant to 18 U.S.C. Â§ 982(a)(2) and/or 28 U.S.C. Â§ 2461 as such property was facilitating property used in her violation of 8 U.S.C. Â§ 1324

DEFENDANT:  HOA LY  
CASE NUMBER:  05CR80869-8  
Eastern District of Michigan

# STATEMENT OF REASONS
(Not for Public Disclosure)

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

- A  ☐  **The court adopts the presentence investigation report without change.**

- B  ☒  **The court adopts the presentence investigation report with the following changes:**
  (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)

  - 1  ☒  **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):  **The Court found 2L1.1(b)(1)(A) enhancement not applicable**

  - 2  ☐  **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

  - 3  ☐  **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

  - 4  ☐  **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

- C  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P.32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE.** (Check all that apply.)

- A  ☒  No count of conviction carries a mandatory minimum sentence.

- B  ☐  Mandatory minimum sentence imposed..

- C  ☐  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on.

  - ☐  findings of fact in this case
  - ☐  substantial assistance (18 U.S.C.§3553(e))
  - ☐  the statutory safety valve (18 U.S.C.§3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: **10**  
Criminal History Category: **I**  
Imprisonment Range: **6** to **12** months  
Supervised Release Range: **2** to **3** years  
Fine Range: $**2,000.00** to  $**20,000.00**  
☒ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: HOA LY
CASE NUMBER: 05CR80869-8
Eastern District of Michigan

# STATEMENT OF REASONS
(Not for Public Disclosure)

**IV ADVISORY GUIDELINE SENTENCING DETERMINATION.** (Check only one.)

- **A** ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.
- **B** ☒ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons:
- **C** ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)
- **D** ☐ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

- **A** **The sentence imposed departs** (Check only one):
  - ☐ below the advisory guideline range.
  - ☐ above the advisory guideline range.

- **B** **Departure based on** (Check only one):
  1. **Plea Agreement.** (Check all that apply and check reason(s) below):
     - ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
     - ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
     - ☐ binding plea agreement for departure accepted by the court
     - ☐ plea agreement for departure, which the court finds to be reasonable
     - ☐ plea agreement that states that the government will not oppose a defense departure motion
  2. **Motion Not Addressed in a Plea Agreement.** (Check all that apply and check reason(s) below):
     - ☐ 5K1.1 government motion based on the defendant's substantial assistance
     - ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
     - ☐ government motion for departure
     - ☐ defense motion for departure to which the government did not object
     - ☐ defense motion for departure to which the government objected
  3. **Other**:
     - ☐ Other than a plea agreement or motion by the parties for departure (Check reasons(s) below.):

- **C** **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.):

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |

☐ Other guideline basis(e.g. 2B1.1 commentary):

- **D** **Explain the facts justifying the departure.** (Use page 4 if necessary):

DEFENDANT: HOA LY
CASE NUMBER: 05CR80869-8
Eastern District of Michigan

## VII  COURT DETERMINATION OF RESTITUTION

- **A** ☒ Restitution Not Applicable.
- **B**   Total Amount of Restitution: $0.00
- **C**   Restitution not ordered (Check only one):
    - 1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C.§3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C.§3663A(c)(3)(A).
    - 2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C.§3663A, resitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C.§3663A(c)(3)(B).
    - 3 ☐ For other offenses for which restitution is authorized under 18 U.S.C.§3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C.§3663(a)(1)(B)(ii).
    - 4 ☐ Restitution is not ordered for other reasons. (Explain.)
- **D** ☐ Partial restitution is order under 18 U.S.C.§3553(c) for these reasons:

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable)

December 7, 2006
Date of Imposition of Judgment

Defendant's Soc.Sec.No.: **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**
Defendant's Date of Birth: **10/30/1963**

Defendant's Residence Address: **21219 Brent Court, Macomb MI  48044**

s/Paul D Borman
United States Judge

12/11/06
Date Signed

Defendant's Mailing Address: **Same as residence.**